UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

COURTNEY POISSON and
ROOSEVELT BUTLER,

    Plaintiff,

v.

JOCHAS MOVING & DELIVERY, LLC, a
Florida limited liability company, JOANN
E. JOHNSON, and CHARLES A.
JOHNSON, JR.

    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs, COURTNEY POISSON and ROOSEVELT BUTLER, by and through the undersigned counsel, files this Complaint against Defendants, JOCHAS MOVING & DELIVERY, LLC, a Florida limited liability company, JOANN E. JOHNSON, and CHARLES A. JOHNSON, JR., and alleges:

    1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

    2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all time pertinent to this Complaint, Defendant J JOCHAS MOVING & DELIVERY, LLC was an enterprise engaged in interstate commerce.

    3.    Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

    4.    Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000.00 for the year 2015.

5. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000.00 for the year 2016.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subjects to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

8. The Plaintiffs are residents of Broward County, Florida at the time that this dispute arose.

9. JOCHAS MOVING & DELIVERY, LLC, is a Florida limited liability company that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective periods of employment ("the relevant time period").

10. The individual Defendant, JOANN E. JOHNSON, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

11. The individual Defendant, CHARLES A. JOHNSON, JR., is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

12. All acts or omissions giving rise to this dispute took place in Broward County, Florida.

13. Plaintiffs have retained The Kogan Firm, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATION
### (ROOSEVELT BUTLER)

14. Plaintiff reasserts and realleges paragraphs 1 through 13 as though fully set forth below.

15. On or about September 1, 2015 Plaintiff Roosevelt Butler was hired as a mover by the Defendants. Plaintiff's employment was terminated on or about December 3, 2016.

16. Between the period of on or about September 1, 2015 through on or about December 3, 2016, Plaintiff worked an average of 48 hours a week for the Defendants and was paid $12.00 per hour but was never paid for extra time for any hours worked over 40 hours per week, as required by the Fair Labor Standards Act.

17. Defendants, a busy moving company, willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

18. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

19. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

20. Defendants failed to pay Plaintiff his regular wages for a period of 7 hours during his last week of employment.

21. Defendants knew or and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-

half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

22. Defendants failed to properly disclose or apprise the Plaintiff of his rights under the FLSA.

23. Defendant Joann was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

24. Defendant Charles was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

25. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

26. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtine wages, plus an equal amount as liquidated damges.

27. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, ROOSEVELT BUTLER, requests that judgment be entered in her favor against the Defendants, JOCHAS MOVING & DELIVERY, LLC, JOANN E. JOHNSON, and CHARLES A. JOHNSON, JR. as follows:

 a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

 b. Awarding Plaintiff overtime compensation in the amount calculated;

 c. Awarding Plaintiff unpaid wages in the amount calculated;

 d. Awarding Plaintiff liquidated damages in the amount calculated;

 e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. 216(b);

f.  Awarding Plaintiff's post-judgment interest; and

g.  For such further relief this Court deems just proper.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATION
### (COURTNEY POISSON)

28. Plaintiff reasserts and realleges paragraphs 1 through 13 as though fully set forth below.

29. On or about July 3, 2015 Plaintiff Courtney Poisson was hired as a mover by the Defendants. Plaintiff's employment was terminated on or about December 3, 2016.

30. Between the period of on or about July 3, 2015 through on or about December 3, 2016, Plaintiff worked an average of 47 hours a week for the Defendants and was paid $12.00 per hour but was never paid for extra time for any hours worked over 40 hours per week, as required by the Fair Labor Standards Act.

31. Defendants, a busy moving company, willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

32. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

33. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff his regular wages for a period of 7 hours during his last week of employment.

35. Defendants knew or and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-

half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

36. Defendants failed to properly disclose or apprise the Plaintiff of his rights under the FLSA.

37. Defendant Joann was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

38. Defendant Charles was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtine wages, plus an equal amount as liquidated damges.

41. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, COURTNEY POISSON, requests that judgment be entered in her favor against the Defendants, JOCHAS MOVING & DELIVERY, LLC, JOANN E. JOHNSON and CHARLES A. JOHNSON, JR., as follows:

    h. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    i. Awarding Plaintiff overtime compensation in the amount calculated;

    j. Awarding Plaintiff unpaid wages in the amount calculated;

    k. Awarding Plaintiff liquidated damages in the amount calculated;

    l. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. 216(b);

m. Awarding Plaintiff's post-judgment interest; and

n. For such further relief this Court deems just proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted, this 21st day February, 2017.

                                               Respectfully Submitted,

                                               KOGAN PROBER, P.A.
                                               Attorneys for Plaintiffs
                                               Museum Plaza, Suite 901
                                               200 S. Andrews Avenue
                                               Ft. Lauderdale, FL 33301
                                               Telephone:    (954) 281-8888
                                               Facsimile:     (954) 333-1505
                                               Email: pkogan@koganprober.com
                                                               service@koganprober.com

                                               By: __/s/ Pavel Kogan_____
                                                      PAVEL KOGAN, ESQ.
                                                      FLORIDA BAR NO.: 64339